| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------------X<br>ERWIN JACKSON,<br><br>                           Plaintiff,<br><br>      -against-<br><br>THE COUNTY OF NASSAU, in its capacity as an [sic]<br>Municipality; MERYL J. BERKOWITZ, in her official<br>and individual capacity; and AMES C. GREWERT, in<br>his official and individual capacity;<br><br>                         Defendants.<br>-------------------------------------------------------------------X | **FILED**<br>**CLERK**<br>3/18/2016 12:10 pm<br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE**<br><br>**<u>ORDER</u>**<br>15-CV-7218(SJF)(AKT) |

FEUERSTEIN, District Judge:

## I.    Introduction

On December 11, 2015, *pro se* plaintiff Erwin Jackson ("Plaintiff"), a prisoner at the Elmira Correctional Facility, filed a complaint against the County of Nassau, the Honorable Meryl J. Berkowitz, and Nassau County Assistant District Attorney Ames C. Grewert, raising allegations of due process violations in connection with post-conviction motions that Plaintiff filed in state court. (*See* Compl. (Dkt. 1)).[1] On the same day, Plaintiff also filed a motion to proceed *in forma pauperis*. (*See* Mot. (Dkt. 2)). Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), his motion to proceed *in forma pauperis* is denied. Accordingly, Plaintiff must pay the three hundred and fifty dollar ($350.00) filing fee within fourteen (14) days of the date of this Order or the action will be dismissed.

---

1 Plaintiff also asserts that the defendants violated his First Amendment rights (*see* Compl. (Dkt. 1) at ¶ 1), but Plaintiff's claims sound in procedural due process, if anything, not First Amendment.

1

## II. Discussion

28 U.S.C. § 1915(g)[2] of the PLRA prohibits a prisoner from proceeding *in forma pauperis* in federal court if he has previously filed three or more actions or appeals that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief could be granted, unless the prisoner plausibly alleges that he will imminently suffer serious injury. *See* 28 U.S.C. § 1915(g). Plaintiff has previously filed at least four (4) federal court actions challenging the existence and/or conditions of his imprisonment that were each dismissed for failure to state a claim upon which relief could be granted,[3] and he does not allege that he is in imminent danger of serious injury. (*See* Compl. (Dkt. 1), *passim*). Therefore, Plaintiff is barred from proceeding *in forma pauperis* under the PLRA. *See*, *e.g.*, *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (affirming dismissal under PLRA's "three strikes" rule); *Palmer v. New York State Dep't of Corrections*, 342 Fed. Appx. 654, 656 (2d Cir. 2009) (same).

## III. Conclusion

Plaintiff's application to proceed *in forma pauperis* is DENIED. Plaintiff is directed to pay the three hundred and fifty dollar ($350.00) filing fee within fourteen (14) days of the date of this Order, or the Court will dismiss this action without further notice.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

---

[2] 28 U.S.C. § 1915(g) provides in full: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

[3] *See Jackson v. Fischer*, 09-cv-00294 (N.D.N.Y. Mar. 17, 2009) (order dismissing *in forma pauperis* complaint for failure to state a claim upon which relief could be granted) [Dkt. 5]; *Jackson v. Cnty. of Nassau*, 06-cv-00040 (E.D.N.Y. Aug. 7, 2010) (same) [Dkt. 83]; *Jackson v. Mishler*, 01-CV-8155 (E.D.N.Y. Jan. 29, 2002) (same) [Dkt. 5]; *Jackson v. Walsh*, 00-CV-2290 (E.D.N.Y. Apr. 19, 2002) (same) [Dkt. 41].

of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962); *Umoja v. Griffin*, Case No. 11-cv-0736, 2014 WL 2453620, at *22 (E.D.N.Y. May 29, 2014).

**SO ORDERED.**

*s/ Sandra J. Feuerstein*
Sandra J. Feuerstein
United States District Judge

Dated:   March 18, 2016
         Central Islip, New York