FILED
CLERK
6/1/2016 11:36 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ERWIN JACKSON, #08A5175,

                Plaintiff,

    -against-

COUNTY OF NASSAU, MERYL J. BERKOWITZ,
in her official and individual capacity, and
AMES C. GREWERT, in his official and individual
capacity,

                Defendants.
----------------------------------------------------------------X

ORDER
15-CV-7218(SJF)(AKT)

FEUERSTEIN, District Judge:

I.    Introduction

On December 11, 2015, incarcerated *pro se* plaintiff Erwin Jackson ("plaintiff") filed a complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of Nassau ("the County"); the Honorable Meryl J. Berkowitz ("Judge Berkowitz"), Acting Supreme Court Justice; and Ames C. Grewert ("ADA Grewert"), an Assistant District Attorney in the Nassau County District Attorney's Office (collectively, "defendants"), accompanied by an application to proceed *in forma pauperis*. By Order dated March 18, 2016, plaintiff's application to proceed *in forma pauperis* was denied pursuant to 28 U.S.C. § 1915(g), and plaintiff was directed to pay the full amount of the Court's filing fee. See 28 U.S.C. § 1914(a). On or about April 1, 2016, plaintiff paid the requisite filing fee. Nonetheless, by Order dated April 13, 2016, plaintiff's claims were *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. § 1915A(b). Judgment was entered in favor of defendants and against plaintiff on April 14, 2016. Pending before the Court is plaintiff's motion pursuant to Rules 59(e) and 60(b) of the

Federal Rules of Civil Procedure, and Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, seeking reconsideration of the April 13, 2016 Order and final judgment against him. For the reasons set forth below, plaintiff's motion for reconsideration is granted but, upon reconsideration, I adhere to my original determination.

II.  Discussion

  A.  Standard of Review

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3." *U.S. v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362*, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See In re*

*Citigroup ERISA Litig.*, 112 F. Supp. 3d 156, 158 (S.D.N.Y. 2015); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013).

    B.    Plaintiff's Claims

Plaintiff alleges, *inter alia*, (1) that I "applied the wrong legal standards to [his] complaint" because 28 U.S.C. § 1915A(b) "does not authorize district courts to sua sponte dismiss complaints due to the 'failure to state a claim for relief,' but rather when a complaint 'fails to state a cause of action[,]" and I did "not identify or allege which, if any, of [his] several claims fails to state a 'cause of action[,]'" (Plaintiff's Motion for Reconsideration ["Plf. Mot."] at 1-2); and (2) that I "overlooked the standards established by the Court of Appeals for the Second Circuit" by *sua sponte* dismissing his *pro se* complaint without affording him an opportunity to amend his complaint. (*Id.* at 2). Since plaintiff alleges, in essence, a need to correct a purported error in the April 13, 2016 Order and final judgment against him, his motion for reconsideration is granted. However, upon reconsideration of the April 13, 2016 Order and final judgment against plaintiff, I adhere to my original determination to dismiss plaintiff's Section 1983 claims against Judge Berkowitz and ADA Grewert in their entirety with prejudice pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief against defendants who are immune from such relief; and to dismiss plaintiff's Section 1983 claims against the County in their entirety with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief.

III. Conclusion

For the foregoing reasons, plaintiff's motion for reconsideration of the April 13, 2016 Order and final judgment against him is granted but, upon reconsideration, I adhere to my original determination to dismiss plaintiff's Section 1983 claims against Judge Berkowitz and ADA Grewert in their entirety with prejudice pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief against defendants who are immune from such relief; and to dismiss plaintiff's Section 1983 claims against the County in their entirety with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim for relief.

SO ORDERED.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: June 1, 2016
Central Islip, New York